IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHNNY D. FARMER, | |
| Petitioner, | 4:21CV3012 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner's "Motion to Vacate and Dismiss." (Filing 1.) Petitioner asks the court to dismiss his state criminal action and "restore his liberty immediately." (*Id.* at CM/ECF p. 1.) The court takes judicial notice of Petitioner's state court records in *State v. Johnny Farmer*, Case No. CR20-149, District Court of Adams County, Nebraska, which show that he was sentenced to 12 to 14 years' imprisonment on December 14, 2020.[1]

The court hereby notifies Petitioner that it intends to characterize his "Motion to Vacate and Dismiss" as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition).

---

[1] I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise <u>all</u> his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

Lastly, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska as Respondent in this matter, which is not the proper respondent.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **May 24, 2021,** voluntarily withdraw his pleading entitled "Motion to Vacate and Dismiss" if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **May 24, 2021,** file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and in which he names a proper respondent. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition. Petitioner is encouraged to use the enclosed official Form AO 241.

3. If Petitioner fails to respond to this order or file an amended petition, the court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

4. The clerk of the court is directed to send to Petitioner the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus") and a copy of this Memorandum and Order to Petitioner at the address on file and at the Nebraska State Penitentiary, P.O. Box #22500, Lincoln, NE 68542-2500.[2]

5. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number.

---

[2] According to the Nebraska Department of Correctional Services' online inmate information locator, Petitioner is currently housed at the Nebraska State Penitentiary. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html. Petitioner was housed at the Diagnostic and Evaluation Center when he filed his petition, but he has not informed the court of any changes to his address.

6. The clerk of the court is directed to set the following pro se case management deadline: **May 24, 2021**: check for motion to withdraw or amended habeas petition.

Dated this 23rd day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge